## 12616

### WILLIAMS v. CITY OF SUMTER

(147 S. E., 321)

*Mr. L. D. Jennings,* for appellant,

*Messrs. Harby, Nash & Hodges,* for respondent, 

March 14, 1929.

The opinion of the Court was delivered by MR. JUSTICE STABLER.

This is an action for damages for personal injuries alleged to have been received by the plaintiff, a boy between nine and ten years of age, through the negligent acts of the defendant. The appeal is from an order of his Honor, Judge Johnson, granting defendant's motion for a nonsuit.

The following facts are established by the testimony for the plaintiff: On January 26, 1926, the date of the alleged accident, the City of Sumter was the owner of its electric light and ice plant. Hampton avenue, running practically east and west, extends 100 or more yards beyond the western limits of the City to the Northwestern Railroad; and at the western terminus of the town there was a sign on this avenue marked "city limits." For the purpose of supplying people living on either side of the roadway with electric current, the city had erected poles and extended its electric lines along Hampton avenue beyond its limits almost to the railroad track. The last pole in line was supported by a guy or stay wire extending from a point near the top of the pole to the ground; an insulator being inserted in same about 9 feet and 4 inches from the ground. The father of the plaintiff, who lived immediately across the street from this point, had his home supplied with electrity by feed wires leading from the top of the pole; feed wires also extended from the same

pole to a house immediately to the west of the Williams'
home. A short time prior to the accident, th' eowner of this
house had some carpenters working on it, and in some way
the feed wires became detached from the house and lay on
the ground, coiled up at or near the bottom of the pole, for
several days; they were then refastened to the house—by
whom the testimony does not disclose—and in some manner
one of the wires was wrapped around the top of the pole,
thus being brought into contact with the upper part of the
stay wire and charging it with electricity down to the in-
sulator. The children of the community were in the habit
of playing on Hampton avenue, both within and without the
city. The plaintiff, while engaged in play, undertook to climb
the guy wire in question. Upon reaching the point where
the insulator was inserted, and in an effort to go higher, he
took hold of the guy wire above and beyond the insulator,
with the result that the current was grounded and he was
given a severe electric shock. He called for his mother, who
ran to his aid, and, in attempting to extricate him from his
perilous position, caught him by his feet, and pulled him
loose from the wire, so that he fell to the ground, breaking
his leg and sustaining other injuries.

At the close of plaintiff's testimony, the defendant made
a motion for a nonsuit, which the trial Court granted on two
grounds, to wit: (1) That the injury complained of having
occurred beyond the city limits, the city was not liable; and
(2) that there was no evidence of actionable negligence on
the part of the city.

The plaintiff appeals from this order by several exceptions.
Under our view of the case, however, we need consider only
the last ground upon which the trial Judge ordered the
nonsuit.

It is not contended that the use of the guy wire for the
purpose of holding the pole in place was not a perfectly
legitimate use. The act of negligence charged is that the
defendant permitted the portion of the guy wire above the

insulator to become a conductor of the electric current, so that, when the plaintiff climbed up and caught the wire above the insulator, he received an electric shock and suffered severe injuries in being extricated from the peril in which he was placed.

It is clear from an examination of the testimony that Hampton avenue, at the point and time of the accident, so far as danger from electric wires was concerned, could have been used by the public for all legitimate purposes with absolute safety, and that children could have played there without the least danger of being injured. In inserting the insulator in the wire at a point more than 9 feet from the ground, where it was out of reach of any one, the city exercised due care. It had no reason in the exercise of such care, to anticipate that the plaintiff, or any other child, playing in the street, would attempt to climb the wire to a point above the insulator so as to put himself in a position of the resultant peril. We think that the testimony failed to show any actionable negligence on the part of the city as alleged in the complaint.

Having reached this conclusion, it becomes unnecessary, as stated, to consider plaintiff's other assignments of error.

The judgment of this Court is that the judgment of the Circuit Court be affirmed.

MR. CHIEF JUSTICE WATTS and MESSRS. JUSTICES COTHRAN, BLEASE and CARTER concur.